**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SIMPLEHUMAN, LLC,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.

Case No. 25-cv-12944

**COMPLAINT**

Plaintiff simplehuman, LLC ("simplehuman" or "Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

**I.  JURISDICTION AND VENUE**

1.  This is an action for (1) trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a); (2) copyright infringement under 17 U.S.C. § 501(a) *et seq*; and (3) violation of Illinois Uniform Deceptive Trade Practice Act, 815 ILCS § 510/2, *et seq*.

2.  This Court has subject matter jurisdiction over simplehuman's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the claim in this action that arises under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claim is so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly

1

targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases").  Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold and actually shipped products featuring infringing versions of simplehuman's trade dress and copyrighted designs to residents of Illinois.  Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused simplehuman substantial injury in the State of Illinois.

4.      Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299 and Fed. R. Civ. P. 20(a) as the Defendants are all offering for sale at least one of the same infringing products and this case will involve common questions of fact to all Defendants and the Defendants' infringing acts arise out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of the same and similar accused products, as described further herein.

## II.      INTRODUCTION

5.      This action has been filed by simplehuman to combat e-commerce store operators who make, use, offer for sale, sell and/or import into the United States for subsequent sale or use, the same unauthorized and unlicensed products, namely the ████████ products shown in **Exhibit 1** (the "Infringing Products") (annotations added), that infringe simplehuman's trade dress and copyrights.

6.      Defendants create e-commerce stores operating under one or more Seller Aliases

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing customers. E-commerce stores operating under the Seller Aliases share unique identifiers, beyond selling the same infringing products, such as using the same and/or similar product images, advertising, design elements, and other similarities, establishing a logical relationship between them, suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation, including changing the names of their e-commerce stores and opening new stores. simplehuman has filed this action to combat Defendants' infringement of its trade dress and copyrights, as well as to protect unknowing customers from purchasing Infringing Products over the Internet. simplehuman has suffered actual damages and irreparable injury to its business. simplehuman will continue to suffer substantial loss and irreparable injury unless and until Defendants are enjoined from their wrongful actions.

### III. THE PARTIES

7.      simplehuman is a California limited liability company having a principal place of business at 19850 Magellan Drive, Torrance, California 90502.

8.      Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to simplehuman. simplehuman is informed and believes and thereon, alleges that Defendants reside in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations.

9.      simplehuman is informed and believes and thereon, alleges that Defendants either individually or jointly operate one or more e-commerce stores under the Seller Aliases listed in

3

Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for simplehuman to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, simplehuman will take appropriate steps to amend the Complaint.

## IV.     GENERAL ALLEGATIONS

10.     simplehuman was founded in 2000 with the goal of designing a unique trash can. Since then, simplehuman has been engaged in the manufacture and sale of highly stylistic and distinctive ███████ and has expanded its product line to pioneer a variety of innovations in other kitchen and bath tools.  Through its tireless efforts, simplehuman has become a leader in the design and production of a variety of consumer home goods, including trash cans, mirrors, sensor pumps, dishracks, sink caddies, and more.

11.     For many years, simplehuman has sold ████████████████



████ .simplehuman developed unique ████████████████████ that consumers associate with and its products.

12.     simplehuman has consistently used its distinctive trade dress for its ████████



████████████████ (the "simplehuman Trade Dress").  Since at least early 2018, simplehuman has sold ██████████████ bearing its simplehuman Trade Dress. Examples of simplehuman's ███████ bearing the simplehuman Trade Dress are shown below:



13.     In these examples, the simplehuman Trade Dress comprises a ███████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████

14.     The simplehuman Trade Dress serves to identify and distinguish simplehuman's products from those of others.  simplehuman has obtained strong common law rights in the simplehuman Trade Dress.  The simplehuman Trade Dress is not only inherently distinctive, but also has acquired secondary meaning.

15.     Customers readily recognize the simplehuman Trade Dress as a distinctive designation of the origin of simplehuman products. The public recognizes that products in ███████ bearing the simplehuman Trade Dress constitute high quality products that confirm to specifications created by simplehuman.

16.     Additionally, as a result of simplehuman's widespread use and display of the simplehuman Trade Dress, the simplehuman Trade Dress has established strong secondary meaning and extensive goodwill. The simplehuman Trade Dress has acquired great value as a specific identifier of simplehuman's products.

17.     The simplehuman Trade Dress is non-functional.  The design features embodied by the simplehuman Trade Dress are not essential to the function of the ████████ do not make the ████████ cheaper or easier to manufacture, do not affect the quality of the ████████ and do not provide a utilitarian advantage to the consumer or affect the actual product that consumers seek to purchase. As shown in the examples below, there are multiple commercially available alternative ████████ designs for ████████████ that would not infringe the simplehuman Trade Dress:

6



18.    Long after simplehuman acquired rights in the simplehuman Trade Dress, Defendants began selling and continue to display ▮▮▮▮ that infringes the simplehuman Trade Dress.  For example, the images below from Defendants' Amazon offerings shows examples of infringing ▮▮▮ used by Defendants to sell their ▮▮▮▮:





19.    Defendants have copied the simplehuman's Trade Dress in an attempt to benefit from the immense goodwill simplehuman has created in the marketplace.

20.    simplehuman is informed and believes, and based thereon alleges, that Defendants intended to blatantly copy simplehuman's ███████ and pass off its products as simplehuman's products to misappropriate the immense goodwill that simplehuman has cultivated in the marketplace.

21.    Defendants' use of the simplehuman Trade Dress in commerce is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection or association of Defendants and their products with simplehuman when there is none.

22.    In addition, simplehuman is the owner of a valid copyright registration for the simplehuman website, U.S. Copyright Registration No. ███████ (the "simplehuman Copyrighted Website"). Attached hereto as **Exhibit 2** is a true and correct copy of simplehuman's Copyright Registration No. ███████ and specimen, which is incorporated by reference herein.

23.    The simplehuman Copyrighted Website includes at least the following excerpts:



24.     simplehuman is also the owner of a valid copyright registration for simplehuman ████████████████, U.S. Copyright Registration No. ████████ (the "simplehuman Copyrighted ██████ Attached hereto as **Exhibit 3** is a true and correct copy of simplehuman's Copyright Registration No. ██████ and specimen, which is incorporated by reference herein.

25.     The simplehuman Copyrighted ▮▮▮▮ comprises the following:



26.     The simplehuman Copyrighted Website and simplehuman Copyrighted ▮▮▮▮ are collectively referred to herein as the "simplehuman Copyrights."

27.     Defendants have also copied portions of the simplehuman Copyrights in their Online Marketplaces and internet offerings, including on Amazon.com, as shown in **Exhibit 1**, including the example images above from Defendants' Amazon offerings shown in **Exhibit 1**.

28.     The simplehuman Copyrights were widely and publicly available on simplehuman's

website at www.simplehuman.com. simplehuman is informed and believes and based thereon alleges that Defendants accessed simplehuman's website prior to using the above-identified language and images on their websites and products.

29.     simplehuman is informed and believes, and on that basis alleges, that Defendants' acts complained of herein are willful and deliberate.

30.     Defendants' acts complained of herein have caused simplehuman to suffer irreparable injury to its business.  simplehuman will continue to suffer irreparable injury unless and until Defendants are enjoined from their willful actions complained of herein.

31.     simplehuman has identified numerous marketplace listings on e-commerce platforms, such as Amazon, including those operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States.  E-commerce sales, including e-commerce Internet stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States.  *See* **Exhibit 4**, U.S. Customs and Border Protection, *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*.  According to Customs and Border Protection's ("CBP") report, over 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large shipping containers). *Id.*  Approximately 60% of CBP seizures originated from mainland China and Hong Kong. *Id.*

32.     Marketplace platforms, like those used by Defendants, do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 5**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).  Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25.  Therefore, with the absence of regulation, Defendants

11

may and do garner sales from Illinois residents by setting up and operating e-commerce Internet stores that target United States consumers using one or more aliases, offering shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold and actually shipped Infringing Products to residents of Illinois.

33. simplehuman is informed and believes and thereon, alleges that Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their network of e-commerce stores. simplehuman is informed and believes and thereon, alleges that Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller Aliases identified on Schedule A of this Complaint, as well as other unknown fictitious names and addresses. Such e-commerce store registration patterns are one of the many common tactics used by the Defendants to conceal their true identities, the full scope of their e-commerce operation, and to avoid being shut down.

34. All the e-commerce stores operating under the Seller Aliases and infringing products for sale by the Seller Aliases bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source in China and that the Defendants are interrelated. For example, Defendants all offer for sale, sell, and have actually shipped the following identical product to Illinois:



35.     As another example, 4 out of the 5 Defendants operate stores with the following identical or nearly identical images and product descriptions:





36.     simplehuman is informed and believes and thereon, alleges that Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.  Defendants, without any authorization or license from simplehuman, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same products that infringe the simplehuman Trade Dress and simplehuman Copyrights. Each e-commerce store operating under the Seller Aliases offers shipping to the United States, including Illinois, and each Defendant has sold infringing products in the United States and Illinois over the Internet, and actually shipped infringing products to Illinois.

37.     Defendants, without authorization or license from simplehuman, knowingly and willfully used and continue to use the simplehuman Trade Dress and simplehuman Copyrights in connection with the advertisement, offer for sale, and sale of the infringing products, through, *inter alia*, the internet. The infringing products are not simplehuman's branded products. simpehuman did not manufacture, inspect, or package the infringing products and did not approve the infringing products for sale or distribution.

38.     Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling products that infringe upon the simplehuman Trade Dress and simplehuman Copyrights unless preliminarily and permanently enjoined.

39.     simplehuman is informed and believes and thereon, alleges that Defendants' acts complained of here are willful and deliberate.

40.     Defendants' acts complained of herein have caused simplehuman to suffer actual damages and irreparable injury to its business.  simplehuman will continue to suffer substantial loss and irreparable injury unless and until Defendants are enjoined from their wrongful actions

complained of here.

## COUNT I
## TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

41.     simplehuman hereby repeats, realleges, and incorporates by reference Paragraphs 1–40 of this Complaint as if fully set forth herein.

42.     This is a claim for trade dress infringement arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     The simplehuman Trade Dress is non-functional and serves to designate the origin of simplehuman's products.  The simplehuman Trade Dress is inherently distinctive.

44.     As a result of the widespread use and promotion of simplehuman's Trade Dress, the simplehuman Trade Dress has acquired secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the simplehuman Trade Dress with simplehuman and its products.

45.     simplehuman has valid trade dress rights in the simplehuman Trade Dress, which are protected by Section 43(a) of the Lanham Act.

46.     Subsequent to simplehuman's use and adoption of the simplehuman Trade Dress, Defendants have manufactured, packaged, imported, offered for sale, and/or sold products by displaying ██████ that uses trade dress that is confusing similar to the simplehuman Trade Dress (*see, e.g.*, **Exhibit 1**, red annotations; **Exhibit 6** (side-by-side comparison of simplehuman Trade Dress and exemplary infringing products) and is likely to cause consumer confusion as to the source of Defendants' ██████ products.

47.     Defendants display the infringing ██████████ products that it offers for sale on the internet, including on Amazon.com.  simplehuman is informed and believes, and based thereon, alleges that the infringing product ██████ appears in the product listings for

Defendants' ███████████ products on numerous internet offerings under various SKUs. simplehuman is informed and believes, and based thereon alleges, that Defendants had actual knowledge of simplehuman's ownership and prior use of the simplehuman Trade Dress.

48.     simplehuman is informed and believes and thereon, alleges that Defendants' acts of trade dress infringement were willfully undertaken with the express purpose of causing consumer confusion as to the source of Defendants' ███████████ so that Defendants could take unfair advantage of simplehuman's reputation and goodwill by causing confusion and mistake among customers and the public to deceive the public into believing that Defendants' products are associated with, sponsored by, originated from, or are approved by simplehuman, when they are not, resulting in a loss of reputation in, and mischaracterization of, simplehuman's products and its brand, damaging its marketability and saleability.

49.     Defendants' activities constitute willful and intentional infringement of the simplehuman Trade Dress rights in total disregard of simplehuman's proprietary rights and were done despite Defendants' explicit knowledge that the use and sale of the simplehuman Trade Dress was and is in direct contravention of simplehuman's rights.

50.     simplehuman is informed and believes and thereon, alleges that Defendants have derived and received gains, profits, and advantages from their trade dress infringement in an amount that is not currently known to simplehuman.  Moreover, Defendants' actions have damaged simplehuman in an amount to be determined at trial.

51.     Simplehuman is entitled to its reasonable attorney's fees for the necessity of bringing its claims.

52.     Further, Defendants' trade dress infringement has caused simplehuman to suffer, and continue to suffer, great and irreparable injury for which simplehuman has no adequate remedy at law.

## COUNT II
## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501(a), *et seq*)

53.     simplehuman hereby repeats, realleges, and incorporates by reference Paragraphs 1–52 of this Complaint as if fully set forth herein.

54.     This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

55.     simplehuman owns valid, enforceable copyrights in the simplehuman Copyrights, which contain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.*

56.     simplehuman has complied with the registration requirements of 17 U.S.C. § 411(a) for the simplehuman Copyrights, and has obtained Copyright Registration Nos. ███████ and ███████.

57.     The simplehuman Copyrights have significant value and have been produced and created at considerable expense.  The simplehuman Copyrights are simplehuman's original works.

58.     simplehuman, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, simplehuman's copyrighted works, including derivative works.

59.     Defendants' unlawful reproduction of simplehuman's proprietary simplehuman Copyrights constitutes copyright infringement. (*see, e.g.*, **Exhibit 1**, red annotations; **Exhibit 7** (side-by-side comparison of simplehuman Copyrights and exemplary infringing products). simplehuman is informed and believes, and based thereon alleges, that Defendants had access to the simplehuman Copyrights through simplehuman's normal business activities. After accessing the simplehuman Copyrights, Defendants wrongfully reproduced and distributed portions of the simplehuman Copyrights (in substantially similar form), and advertised, distributed, and/or displayed the simplehuman Copyrights, without simplehuman's consent.

60.     Defendants' deliberate copying of simplehuman's simplehuman Copyrights has infringed and continues to infringe simplehuman's copyrights in violation of 17 U.S.C. § 501(a). Defendants are directly infringing simplehuman's exclusive right to produce copies, make derivative works, and distribute copies of its simplehuman Copyrights under 17 U.S.C. § 106(1)–(3).

61.     Simplehuman is informed and believes, and on that basis alleges, that Defendant's infringement has been willful and deliberate.

62.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to simplehuman's rights.

63.     As a result of Defendants' infringement of simplehuman's exclusive rights under its copyrights, simplehuman is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

64.     Defendants, by their actions, have irreparably injured simplehuman. Such irreparable injury will continue unless Defendants are permanently enjoined by this Court from further violation of simplehuman's rights, for which simplehuman has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502–503, simplehuman is entitled to injunctive relief prohibiting Defendants from further infringing the simplehuman Copyrights and ordering that Defendants destroy all unauthorized copies. Defendants' embodiments of the simplehuman Copyrights should be impounded and forfeited to simplehuman under 17 U.S.C. § 503.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

65.     simplehuman hereby repeats, realleges, and incorporates by reference Paragraphs 1–64 of this Complaint as if fully set forth herein.

19

66.     This is a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

67.     Defendants' use of the simplehuman Trade Dress without simplehuman's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (1) is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with simplehuman, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by simplehuman, and (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

68.     Such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of Defendants' product, the origin of the simplehuman Trade Dress, and cause said persons to mistakenly believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by simplehuman or are in some way affiliated or connected with simplehuman, all in violation of 15 U.S.C. § 1125, and constitutes false designation of origin and unfair competition with simplehuman.

69.     simplehuman is informed and believes and thereon, alleges that Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation or origin and false descriptions or representations.

70.     simplehuman is informed and believes and thereon, alleges that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, and unfair competition in an amount that is not presently known to simplehuman. By reason of Defendants' actions constituting false designation of origin, false or

misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

71.     simplehuman is entitled to its reasonably attorneys' fees for the necessity of bringing this action.

72.     Due to Defendants' actions constituting false designation or origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, and unfair competition, simplehuman has suffered and continues to suffer great and irreparable injury for which simplehuman has no adequate remedy at law.

**COUNT IV**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES**
**ACT (815 ILCS § 510/2, *et seq.*)**

73.     simplehuman hereby repeats, realleges, and incorporates by reference Paragraphs 1–72 of this Complaint as if fully set forth herein.

74.     Defendants have engaged in acts violating Illinois law including, but not limited to, causing likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with simplehuman representing that their products have simplehuman's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

75.     Defendants knew, or by the exercise of reasonable care should have known, that their past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in goods using the simplehuman Trade Dress and simplehuman Copyrights has and will continue to cause confusion and mistake, or deceive purchasers, users, and the public.

76.     simplehuman has no adequate remedy at law, and Defendants' conduct has caused simplehuman to suffer damage to its reputation and goodwill. Unless enjoined by this Court, simplehuman will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, simplehuman prays for judgment against Defendants as follows:

A.     That the Court renders a final judgment in favor of simplehuman and against Defendants on all claims for relief alleged herein;

B.     That the Court find for simplehuman and against Defendants on simplehuman's claim of trade dress infringement under 15 U.S.C. § 1125(a), and adjudge that Defendants have infringed the simplehuman Trade Dress;

C.     That the Court finds for simplehuman and against Defendants on simplehuman's claim of false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

D.     That Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

　　　　1.     using the simplehuman Trade Dress or any trade dress that is confusingly similar thereto;

　　　　2.     falsely designating the origin of Defendants' goods;

　　　　3.     unfairly competing with simplehuman in any manner whatsoever;

　　　　4.     causing a likelihood of confusion or injuries to simplehuman's business reputation;

E.     That an accounting be ordered to determine Defendants' profits resulting from their trade dress infringement, false designation of origin, and unfair competition;

F.     That simplehuman be awarded monetary relief in an amount to be fixed by the Court

in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

1. All profits received by Defendants from sales and revenues of any kind made as a result of their infringing actions, said amount to be trebled;

2. All damages sustained by simplehuman as a result of Defendants' acts of trade dress infringement, false designation of origin, and unfair competition, and that such damages be trebled; and,

3. The costs of this action.

G. That such damages and profits be trebled and awarded to simplehuman pursuant to 15 U.S.C. § 1117;

H. Entry of an Order that, upon simplehuman's request, any third party with actual notice of the Order who is providing services for any of the Defendants, or in connection with any of the Defendants' Online Marketplaces, including without limitation, any online marketplace platforms such as Amazon shall:

1. disable and cease providing services for any accounts through which Defendants engage in the sale of the Infringing Products or other products that are not colorably different from such products, including any accounts associated with Defendants listed on Schedule A;

2. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products or other products that are not colorably different from such products;

3. take all steps necessary to prevent links to the online marketplace accounts identified in Schedule A from displaying in search results, including, but not limited to, removing links to the URLs from any search index;

I. An Order adjudging that this is an exceptional case;

J. An Order for trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 15 U.S.C. § 1117 and/or 17 U.S.C. § 504;

K. An award to simplehuman of the attorneys' fees, expenses, and costs incurred by simplehuman in connection with this action pursuant to 15 U.S.C. § 1117;

L. That the Court render final judgment declaring that Defendants have violated and willfully violated 17 U.S.C. § 501(a) by infringing simplehuman's simplehuman Copyrights;

M. That Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

1. using the simplehuman Copyrights or any reproduction, copies, or colorable imitations thereof in any manner with the distribution, advertising, offering for sale, or sale of any product that is not an authorized simplehuman ████████ product or is not authorized by simplehuman to be sold in connection with the simplehuman Copyrights;

2. selling, passing off, inducing or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of simplehuman and approved by simplehuman under the simplehuman Copyrights;

3. further infringing the simplehuman Copyrights and damaging simplehuman's goodwill;

4. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by simplehuman to be sold or offered for sale, and which directly use the simplehuman Copyrights and which are derived from

24

simplehuman's copyrights in the simplehuman Copyrights; and

5. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplaces, or any other online marketplace account that is being used to sell products or inventory not authorized by simplehuman which are derived from simplehuman's copyrights in the simplehuman Copyrights.

N. That simplehuman be awarded its damages and Defendants' profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if simplehuman elects, that simplehuman be awarded statutory damages pursuant to 17 U.S.C. § 504;

O. Entry of an Order that, upon simplehuman's request, any third party with actual notice of the Order who is providing services for any of the Defendants, or in connection with any of the Defendants' Online Marketplaces, including without limitation, any online marketplace platforms such as Amazon shall:

1. disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by simplehuman which reproduce the simplehuman Copyrights or are derived from the simplehuman Copyrights, including any accounts associated with the Defendants listed in Schedule A;

2. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by simplehuman which are derived from the simplehuman Copyrights;

3. take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

P. That the Court finds for simplehuman and against Defendants on simplehuman's claim of deceptive trade practices under 815 ILCS § 510/2, *et seq*.;

25

Q.      An award of pre-judgment and post-judgment interest and costs of this action against

Defendants; and

R.      Such other and further relief as this Court may deem just and proper.

simplehuman demands trial by jury as to all causes of action so triable.

October 23, 2025                                     Respectfully submitted,

                                                     /s/      James E. Judge
                                                     Zareefa B. Flener (IL Bar No. 6281397)
                                                     James E. Judge (IL Bar No. 6243206)
                                                     FLENER IP LAW, LLC
                                                     77 W. Washington St., Ste. 800
                                                     Chicago, IL 60602
                                                     (312) 724-8874
                                                     jjudge@fleneriplaw.com

                                                     Joseph F. Jennings (*pro hac vice
                                                     forthcoming*)
                                                     Marko R. Zoretic (CA Bar. No. 233952)
                                                     KNOBBE, MARTENS, OLSON & BEAR,
                                                     LLP
                                                     2040 Main Street, Fourteenth Floor
                                                     Irvine, CA 92614
                                                     Phone: (949) 760-0404
                                                     Facsimile: (949) 760-9502
                                                     joseph.jennings@knobbe.com
                                                     marko.zoretic@knobbe.com

                                                     *Counsel for Plaintiff simplehuman, Inc.*